IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MURRAY LARSON, and JOAN LARSON, | ) ) ) | CASE NO. 8:00CV529 |
| Plaintiffs, | ) ) ) | |
| V. | ) ) | MEMORANDUM AND ORDER |
| TYSON FRESH MEATS, INC., f/k/a IBP, Inc. | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Reconsideration (Filing No. 452) of its Motion for Partial Summary Judgment based on the statute of limitations. (Filing No. 253). The Plaintiffs acknowledge that this Court's refusal to apply a continuing tort theory to a similar negligence claim was affirmed in *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 756-57 (8th Cir. 2006), but they oppose the motion for purposes of preserving the issue on appeal. (Filing No. 453). For good cause shown, the motion for reconsideration is granted.

The Court has reconsidered the Defendant's motion for partial summary judgment in the context of the facts specific to the Larsons' negligence claim. Nebraska law applies a four-year statute of limitations to negligence actions. Neb. Rev. Stat. § 25-207(3). The Larsons' testimony is clear and unequivocal: they had first hand knowledge of the existence of hydrogen sulfide gas on and around their property, at the latest, in 1993. (Filing No. 254, Ex. 2, M.Larson Dep. 29:13-23, and see 41-45; and Ex. 3, J. Larson Dep. at 23:17-25; 28:20-29:16). The Larsons did not commence this action until the year 2000. I find that there are no genuine issues of material fact relating to the applicability of the statute of limitations to the Larsons' negligence claim. Because the Larsons did not

commence their action within four years of their knowing of and appreciating the existence of the hydrogen sulfide emissions on and around their property, their negligence claim is barred by the statute of limitations.  Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Reconsideration (Filing No. 452) is granted, and the motion for partial summary judgment on the statue of limitations has been reconsidered;

2. The Defendant's motion for partial summary judgment based on the statute of limitations (Filing No. 253) is granted as to the Larsons' negligence claim only; and

3. A separate judgment in favor of the Defendant and against the Plaintiffs Murray and Joan Larson on their negligence claim shall be entered upon conclusion of the case.

DATED this 16th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge