IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MURRAY LARSON, and JOAN LARSON, | CASE NO. 8:00CV529 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| TYSON FRESH MEATS, INC., formerly known as IBP, Inc., | |
| Defendant. | |

This matter is before the Court on the motions in limine filed by Defendant Tyson Fresh Meats, Inc., formerly known as IBP, Inc. (hereafter "IBP"). The Plaintiffs oppose the motions. (Filing No. 445).

**Expert Matters**

IBP seeks an order excluding from trial any expert testimony relating to facts that the Court has concluded are already established pursuant to the doctrine of collateral estoppel. The difficulty is identifying the breadth of effect of the collateral estoppel ruling. The Court has ruled that these facts are established for purposes of the Larson case:

• IBP released hydrogen sulfide into the air;

• IBP's hydrogen sulfide emissions were in sufficient quantity to interfere with the Larsons' use and enjoyment of their property;

• IBP's interference with the Larsons' use and enjoyment of their property was intentional.

IBP's motion will be granted to preclude evidence and questions regarding these facts, although these facts may be referenced in opening statements and closing arguments. This ruling applies to both the Larsons and IBP. The effect of this ruling is to exclude most,

if not all, of the testimony of Plaintiffs' air modeling and air monitoring experts, Jana Milford, Ph.D.; John Walton, Ph.D.; and James Joyce. Some testimony relating to the duration, frequency, and level of hydrogen sulfide emissions around the Larsons' property will be permitted from at least one witnesses because this evidence goes to the question of whether IBP's emission of hydrogen sulfide gas was "unreasonable." However, the Court will entertain objections if such evidence becomes cumulative.

IBP also seeks to preclude the Larsons from offering expert evidence, questioning and arguing about any opinions that are 1) beyond the opinions presented in the Larsons' Rule 26(a)(2)(B) reports for each of their respective expert witnesses; and/or 2) beyond the proffered expertise of each of the Larsons' expert witnesses. This portion of the motion seeks a straightforward application of the legal standard and will be granted. Specifically, none of the expert witnesses identified by the Larsons, other than Dr. Ammann, shall be permitted to testify regarding any general or specific health effects on persons as a result of exposure to hydrogen sulfide emissions in amounts in excess of national and state air quality standards. In addition, none of the Larsons' expert witnesses will be permitted to testify regarding whether IBP had a legal duty to cover its lagoons. Plaintiffs' counsel is directed to refrain from asking questions of its expert witnesses that are reasonably expected to eliciting such opinions. As she was permitted to do in *Marmo*, Dr. Ammann will be permitted to testify regarding the transient health effects on persons exposed to certain levels of hydrogen sulfide, but she is precluded from testifying as to any permanent health conditions that can be caused by such exposure.

Finally, IBP seeks an order preventing the Larsons from offering the deposition testimony of IBP's expert witness, Dr. Thomas S. Allems. Because Dr. Allems is an expert

who was disclosed by IBP as a testifying expert, as distinguished from a consulting expert, the Court considers the Larsons' request by balancing the interests identified in Fed. R. Evid. 403. *See House v. Combined Ins. Co.*, 168 F.R.D. 236, 240 (N.D. Iowa 1996). I conclude that if I were to permit the Larsons to call Dr. Allems, the unfair prejudicial effect on IBP would outweigh the probative value of his testimony.

I find that the Plaintiffs' decision to use Dr. Allems's deposition in their case-in-chief is diametrically opposed to their former trial strategy that included challenging the admissibility of Dr. Allems's testimony in a motion in limine[1] on the basis that Dr. Allems's opinions are not trustworthy. That motion was denied. The Plaintiffs are responsible for the fact that they have no medical expert to testify at trial. I conclude that IBP should not be required, less than one month before trial, to anticipate rehabilitation of its own expert witness following what I presume would be a hostile use of the Dr. Allems's deposition. I have also considered that while the Larsons reserved the right to call IBP's fact witnesses in the Final Pretrial Order, they failed to reserve the right to call IBP's *expert* witnesses.[2] Further, while IBP had an opportunity to question Dr. Allems during his discovery deposition, the deposition was not noticed as being taken for use at trial, and, in all likelihood, the record of Dr. Allems's testimony was not fully developed in his deposition. If I permit the Plaintiffs to use Dr. Allems's deposition, the unfair prejudice to IBP is clear.

---

[1] (Filing No. 355 at p. 21). Dr. Allems was the subject of a motion in limine filed by Plaintiffs' counsel in all these previously consolidated cases, on the basis that, "Dr. Allems' proposed testimony fails to meet the requirements of Federal Rules of Evidence 104 and 702 and the precedents interpreting these rules, including *Daubert v. Merrell Dow Pharmecuticals, Inc.*, 509 U.S. 579 (1993), for admissibility." (Filing No. 272; *Marmo* 8:00CV527, Filing No. 279). The motion was denied.

[2] (Filing No. 355 at p. 21).

3

The probative value of Dr. Allems's deposition testimony relative to the Larsons, which involves matters to which the Larsons themselves can testify, is minor compared to the unfair prejudicial effect on IBP.  For all these reasons,  IBP's motion in limine as to the Larsons' use of Dr. Allems's deposition testimony is granted.

**Non-Expert Matters**

With regard to non-expert witness matters, IBP seeks to exclude from trial any testimony, questioning, and argument regarding 1) the Larsons' alleged permanent medical problems, including any suggestion that permanent impairments were caused by exposure to hydrogen sulfide emissions; 2) the medical examinations including testing that IBP's medical experts performed on the Larsons; 3) consultations the Larsons had with Kaye Kilburn, M.D., 4) IBP's alleged monetary savings or benefit from delays in construction of wastewater treatment plant improvements; and 5) the procedural steps leading to the location of the trial in Omaha, Nebraska.

With regard to the issues identified as numbers 1, 2, 3, and 5 above, the Court will grant the motion with only brief comment.  The Larsons have not retained a medical expert witness, properly disclosed under Fed. R. Civ. P. 26,  who is also qualified to establish medical causation with respect to any alleged permanent injury sustained by the Larsons and the hydrogen sulfide emissions.  *See Memorandum and Order,* Filing No. 361; and *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006).  For this reason, I conclude that Larsons shall not offer evidence that they have sustained permanent injuries or that any of their permanent injuries or permanent health conditions were proximately caused by hydrogen sulfide emissions.

4

With regard to the Larsons' ability to testify about their medical examinations, I find it material that IBP's motion to prevent the Larsons from using Dr. Allems's deposition will be granted, and that the Court has previously denied the Plaintiffs' motion to reinstate Kaye Kilburn, M.D., as an expert medical witness in this case. Accordingly, the Larsons' testimony regarding their interactions with Dr. Allems and with Dr. Kilburn is not relevant, or, if relevant, any probative value their testimony might have would be outweighed by the likelihood that the testimony would confuse the jury and be unfairly prejudicial to IBP. Fed. R. Evid. 402 and 403. Accordingly, the Larsons are precluded from offering testimony about their interactions, including conversations with and examination by, either Dr. Allems or Dr. Kilburn.

I also conclude that evidence regarding the procedural steps leading to the location of trial in Omaha, Nebraska, will not aid the trier of fact in resolving any material issues in this case, and under Fed. R. Evid. 402 and 403, such evidence may not be offered. IBP shall refrain from referring to the Plaintiffs' claims as "stale."

Last, IBP seeks to prevent the Plaintiffs from offering evidence of IBP's alleged monetary savings or benefit from delays in construction of wastewater treatment plant improvements. This portion of the motion in limine will be denied because this evidence may be relevant to the jury's consideration of whether the interference by IBP was unreasonable and the degree to which the conduct that caused the interference was useful.

5

For all the reasons provided in this memorandum,

IT IS ORDERED:

1. IBP's Motion in Limine (Expert Testimony) (Filing No. 433) is granted with the sole exception that the Plaintiffs will not be precluded from referring to the facts to which the collateral estoppel ruling applies during their opening statement and closing argument; and

2. IBP's Motion in Limine (Non-expert matters) (Filing No. 435) is granted in part and denied in part as follows:

   A. The motion is granted in that the Larsons are precluded from questioning, offering testimony, and making argument regarding:

   I) the Larsons' alleged permanent medical problems, or those of any other plaintiff in the previously consolidated cases, including any suggestion that permanent impairments were caused by exposure to hydrogen sulfide emissions; ii) the medical examinations including testing that IBP's medical experts performed on the Larsons; iii) consultations the Larsons had with Kaye Kilburn, M.D.; and iv) the procedural steps leading to the location of the trial in Omaha, Nebraska; and

   B. The motion is denied as to IBP's alleged monetary savings or benefit from delays in construction of wastewater treatment plant improvements.

DATED this 18th day of January 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge